791 F.2d 931
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBERT EARL CARTER, Plaintiff-Appellant,
v.
ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY, Defendant-Appellee.
 85-5948
 United States Court of Appeals, Sixth Circuit.
 4/29/86
 AFFIRMED
 
 1
 W.D.Tenn.
 
 ORDER
 
 2
 BEFORE: MERRITT and JONES, Circuit Judges, and THOMAS, Senior District Judge.*
 
 
 3
 Plaintiff appeals the district court's order dismissing his pro se racial discrimination action filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e, et seq. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 Plaintiff, who is a black man, presents two issues of racial discrimination to be considered under Title VII, 42 U.S.C. Sec. 2000e, et seq. First whether his transfer or demotion from his position as a Recruiting Officer to that of Switchman was racially motivated. The second issue is whether plaintiff's subsequent discharge from his job as Switchman was racially motivated. In conjunction with this appeal plaintiff has also filed motions for appointment of counsel and for a complete transcript at governmental expense.
 
 
 5
 It is well established that the general criteria for establishing a prima facie case of racial discrimination under Title VII is that the plaintiff should show the following:
 
 
 6
 (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open for persons of complainant's qualifications.
 
 The court further stated that:
 
 7
 'The facts necessarily will vary in Title VII cases, and the specification above of the prima facie proof required from respondent is not necessarily applicable in every respect to differing factual situations.'
 
 
 8
 McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).
 
 
 9
 Once a prima facie case is established the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for rejecting the employee:
 
 
 10
 'However, the plaintiff retains the burden of persuasion. [H]e may succeed in this either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.'
 
 
 11
 U.S. Postal Service Bd. of Governors v. Aikens, 103 S.Ct. 1478, 1482 (1983).
 
 
 12
 The district court found that although the plaintiff experienced racial discrimination or racially motivated conduct during his employment with the defendant, that the demotion and discharge in question were not racially motivated nor were they causally connected to racially motivated difficulties which plaintiff had experienced in his employment.
 
 
 13
 The court found that plaintiff's position as Recruiter had been abolished and consolidated into another geographical area, in which the Recruiting Officer was a black man. Plaintiff contends that he should have been allowed to laterally transfer into another management level position instead of being returned to his former position as Switchman, although the latter position appeared to be more financially lucrative. In 1972 when plaintiff transferred from Switchman to Recruiting Officer, the former position paid approximately $6,000 more annually than the latter. The plaintiff has not presented any evidence that the consolidation of the geographical recruiting areas was only a racially motivated pretext for his demotion or that his transfer from a management to a non-management position would not have occurred if he were a white person.
 
 
 14
 With regard to plaintiff's discharge from his position as Switchman the district court found that plaintiff was discharged for shoving and using profane language towards a Yardmaster, after being asked to remove himself, his boots and gear from the Yardmaster's desk. This account of the incident was corroborated by four employees, including a black employee, who witnessed the altercation. There is no evidence that anything racial precipitated the altercation nor does plaintiff present evidence that a white employee would not have been discharged for the same conduct.
 
 
 15
 For these reasons, it is ORDERED that the district court's judgment be affirmed. Sixth Circuit Rule 9(d)(3). The motions for appointment of counsel and a complete transcript at governmental expense are denied.
 
 
 
 *
 The Honorable William K. Thomas, Senior U.S. District Judge for the Northern District of Ohio, sitting by designation